```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF RHODE ISLAND


JAMES E. BRENNAN, JR.,            :
          Plaintiff,              :
                                  :
     v.                           :     CA 10-186 S
                                  :
TOWN OF SOUTH KINGSTOWN,          :
Chief of Police, Vincent Vespia,  :
Town Manager, Stephen Alfred,     :
Clerk of South Kingstown,         :
The Trust: Rhode Island           :
Interlocal Risk Management Group, :
Renee Vespia Caouette,            :
          Defendants.             :
```

**REPORT AND RECOMMENDATION**

David L. Martin, United States Magistrate Judge

Before the Court is Defendants' Motion for Summary Judgment (Docket ("Dkt.") #7) ("Motion for Summary Judgment" or "Motion"). The Motion has been referred to me for preliminary review, findings, and recommended disposition pursuant to 28 U.S.C. § 636(b)(1)(B). The Court has determined that no hearing is necessary. For the reasons stated below, I recommend that the Motion be granted as to all Defendants.

## I. Facts[1] and Travel

Plaintiff James E. Brennan ("Plaintiff"), who has brought this action pro se, is a resident of Defendant Town of South Kingstown, Rhode Island ("the Town" or "South Kingstown"). Complaint ¶ 1. Defendant Vincent Vespia ("Chief Vespia") is the police chief in South Kingstown, id. ¶ 2, and Defendant Stephen Alfred ("Mr. Alfred") is the Town manager, id. Plaintiff does not identify the Clerk of the Town ("the Clerk") by name. See Complaint ¶¶ 1-6. The Trust, Rhode Island Interlocal Risk Management Group (the "Trust") provides insurance for the Town.[2] Defendant Renee Vespia

---

[1] Plaintiff failed to file a statement of disputed facts. See Docket ("Dkt."). Accordingly, the Court deems the facts in Defendants' Statement of Undisputed Facts in Support of Motion for Summary Judgment (Dkt. #8) ("SUF") admitted. See District of Rhode Island Local Rule ("DRI LR") Cv 56(a)(3) ("For purposes of a motion for summary judgment, any fact alleged in the movant's Statement of Undisputed Facts shall be deemed admitted unless expressly denied or otherwise controverted by a party objecting to the motion. An objecting party that is contesting the movant's Statement of Undisputed Facts shall file a Statement of Disputed Facts, which shall be numbered correspondingly to the Statement of Undisputed Facts, and which shall identify the evidence establishing the dispute, in accordance with the requirements of paragraph (a)(2)."); see also Ayala-Gerena v. Bristol Myers-Squibb Co., 95 F.3d 86, 95 (1st Cir. 1996)("Appellants' failure to provide a separate statement of disputed facts resulted in the district court's taking of Appellees' statement of uncontested facts as admitted."); Anabell's Ice Cream Corp. v. Town of Glocester, 925 F.Supp. 920, 924 (D.R.I. 1996)("Given the defendant's failure to contest the plaintiffs' statement of undisputed facts, the jurisprudence of both Rule 56 and Local Rule [56] provide that the movant's version of the facts may be, and is in this case, taken as true.").

[2] Although Defendant Renee Vespia Caouette ("Ms. Caouette") and Defendants Town of South Kingstown ("the Town" or "South Kingstown"), Vincent Vespia ("Chief Vespia"), Defendant Stephen Alfred ("Mr. Alfred"), the Clerk of the Town (the "Clerk"), and the Trust, Rhode Island Interlocal Risk Management Group (the "Trust") (collectively "Defendants") denied the allegation regarding the Trust in Complaint ¶ 4 ("Defendant The Trust is a corporation organized and existing under the

Caouette ("Ms. Caouette") is the daughter of Chief Vespia.  Id. ¶ 6.[3]  The Court refers to the Town, Chief Vespia, Mr. Alfred, the Clerk, and Ms. Caouette collectively as "Defendants."

On March 7, 2007, Ms. Caouette contacted the South Kingstown Police Department to complain about harassing phone calls she received from Plaintiff.  Defendants' Statement of Undisputed Facts in Support of Motion for Summary Judgment ("SUF") ¶ 1 (citing id., Exhibit ("Ex.") 1 (Witness Statement of Renee Caouette dated 3/7/2007)).  At approximately 6:45 p.m. on March 7, 2007, Detective Alfred Bucco ("Detective Bucco") responded to Ms. Caouette's residence.  Id. ¶ 2.  Ms. Caouette informed Detective Bucco that on March 6, 2007, she had received seven calls from Plaintiff between

---

laws of the state of Rhode Island, with its principal place of business at 501 Wampanoag Trail, Suite 301[,] East Providence[,] R.I. 02915."), see Answer on Behalf of Defendant, Renee Vespia Caouette ("Caouette Answer") ¶ 2; Answer on Behalf of Defendants, Town of South Kingstown, Chief of Police Vincent Vespia, Town Manager Stephen Alfred, Clerk of South Kingstown and the Trust, Rhode Island Interlocal Risk Management Group ("Remaining Defendants' Answer") ¶ 2, Defendants state in their memorandum that the Trust "is ... the provider of insurance for the Town of South Kingstown," Defendants' Memorandum of Law in Support of Their Motion for Summary Judgment ("Defendants' Mem.") at 7.

[3] Similarly, although Defendants denied the allegations in Complaint ¶ 6 ("Renee Vespia Caouette[] is the daughter of defendant police chief, Vincent Vespia[,] and for all purposes in this complaint[] the sister of Robin Vespia, also a daughter of Chief Vespia[,] who had been in cohabitation with the Plaintiff James Brennan."), see Caouette Answer ¶ 2; Remaining Defendants' Answer ¶ 2, Defendants state in their memorandum that "Robin Vespia ... is the daughter of defendant Police Chief Vincent Vespia and the sister of defendant Renee Vespia Caou[ette]," Defendants' Mem. at 2. Accordingly, the Court, "drawing all reasonable inferences in favor of[] the nonmoving party," Feliciano de la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir. 2000)(citing Mulero-Rodriguez v. Ponte, Inc., 98 F.3d 670, 672 (1st Cir. 1996)), assumes that Ms. Caouette is the daughter of Chief Vespia.

3

the hours of 9:30 p.m. and 10:30 p.m.; that she had spoken to Plaintiff on three of the calls; and that he had stated "I will never hurt your child, you, or your husband. Leave your house now or call your dad. This will not stop. I will be the winner. If you need my help tonight, just call and I will help you and bring you know what." Id. ¶ 3 (citing id., Ex. 2 (Narrative Statement of Detective Alfred Bucco dated 3/7/2007)). While Detective Bucco was at Ms. Caouette's residence he twice observed Plaintiff's name and phone number on the caller ID. Id. ¶ 4 (citing id., Ex. 2). On the first call, Plaintiff left a message. Id. On the second call, at Ms. Caouette's request, Detective Bucco answered, identified himself, and told Plaintiff not to call back. Id.; see also id., Ex. 2 at 1. Ms. Caouette completed a witness statement and indicated to Detective Bucco that she would like to pursue charges against Plaintiff for making the harassing calls. Id. ¶ 5; see also id., Ex. 1. At 8:30 p.m. on March 7, 2007, Ms. Caouette called Detective Bucco to inform him that since he had left, Plaintiff had called back on two separate occasions and left messages on her voicemail. Id. ¶ 6 (citing id., Ex. 2).

On March 8, 2007, an arrest warrant was obtained for Plaintiff, charging him with making harassing phone calls to Ms. Caouette. Id. ¶ 7 (citing id., Ex. 3 (Affidavit, Arrest Warrant, and Criminal Complaint dated March 8, 2007)); see also Complaint ¶ 7. Plaintiff was arrested on March 12, 2007, pursuant to the

4

arrest warrant. SUF ¶ 8; see also Complaint ¶ 8. On April 18, 2007, Plaintiff entered a plea of nolo contendere to the charge of making harassing phone calls to Ms. Caouette and received a sentence of incarceration for one year. SUF ¶ 9 (citing id., Ex. 4 (Case Disposition Report)).

Plaintiff filed a Complaint in Washington County Superior Court on or about October 20, 2009. See Complaint at 7; Petition for Removal (Dkt. #1) at 1. On or about April 21, 2010, Defendants removed the matter to this Court. See Dkt.; Petition for Removal. Plaintiff on May 13, 2010, filed a Motion to Remand and Objection to Removal (Dkt. #4) ("Motion to Remand"). The Motion to Remand was denied by a text order entered on June 3, 2010. See Dkt. Thereafter, Defendants filed the instant Motion for Summary Judgment. See id.

**II. Summary Judgment Standard**

"Summary judgment is appropriate if 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" Commercial Union Ins. Co. v. Pesante, 459 F.3d 34, 37 (1st Cir. 2006)(quoting Fed. R. Civ. P. 56(c)); accord Kearney v. Town of Wareham, 316 F.3d 18, 21 (1st Cir. 2002). "A dispute is genuine if the evidence about the fact is such that a reasonable jury could resolve the point in the favor of

5

the non-moving party. A fact is material if it carries with it the potential to affect the outcome of the suit under the applicable law." Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000)(quoting Sánchez v. Alvarado, 101 F.3d 223, 227 (1st Cir. 1996)).

In ruling on a motion for summary judgment, the court must examine the record evidence "in the light most favorable to, and drawing all reasonable inferences in favor of, the nonmoving party." Feliciano de la Cruz v. El Conquistador Resort & Country Club, 218 F.3d 1, 5 (1st Cir. 2000)(citing Mulero-Rodriguez v. Ponte, Inc., 98 F.3d 670, 672 (1st Cir. 1996)). The non-moving party may not rest merely upon the allegations or denials in its pleading, but must set forth specific facts showing that a genuine issue of material fact exists as to each issue upon which it would bear the ultimate burden of proof at trial. See Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d at 53 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256, 106 S.Ct. 2505 (1986)). "[T]o defeat a properly supported motion for summary judgment, the nonmoving party must establish a trial-worthy issue by presenting enough competent evidence to enable a finding favorable to the nonmoving party." ATC Realty, LLC v. Town of Kingston, 303 F.3d 91, 94 (1st Cir. 2002)(quoting LeBlanc v. Great Am. Ins. Co., 6 F.3d 836, 842 (1st Cir. 1993))(alteration in original)(internal quotation marks omitted).

"[W]hen the facts support plausible but conflicting inferences on a pivotal issue in the case, the judge may not choose between those inferences at the summary judgment stage." Coyne v. Taber Partners I, 53 F.3d 454, 460 (1st Cir. 1995). Furthermore, "[s]ummary judgment is not appropriate merely because the facts offered by the moving party seem more plausible, or because the opponent is unlikely to prevail at trial. If the evidence presented is subject to conflicting interpretations, or reasonable men might differ as to its significance, summary judgment is improper." Gannon v. Narragansett Elec. Co., 777 F. Supp. 167, 169 (D.R.I. 1991)(citation and internal quotation marks omitted).

**III. Discussion**

Plaintiff alleges that "the actions by the defendant Renee Vespia Caouette and her father, Chief Vincent Vespia, ie the charge under R.I. Gen. Law [§] 11-35-17,[4] was [sic] in fact wrongfully

---

[4] Section 11-35-17 provides in relevant part that:

Whoever shall originate a transmission by facsimile machine, or other telecommunication device or shall telephone any person repeatedly or cause any person to be telephoned repeatedly for the sole purpose of harassing, annoying, or molesting the other person or his or her family, whether or not conversation ensues; or whoever shall originate a transmission by facsimile machine, or other telecommunication device or shall telephone any person for the purpose of using any threatening, vulgar, indecent, obscene, or immoral language over the telephone, shall be guilty of a misdemeanor and shall be punished by a fine of not more than five hundred dollars ($500), or by imprisonment for not more than one year, or both.

....

initiated, thereby employing a malicious use of process. The plaintiff further contends that the process thereafter was perverted to reach an end not intended by the R.I. Legislature when enacting the statute." Complaint ¶ 15. Thus, Plaintiff's Complaint charges Defendants with malicious prosecution and abuse of process. Id. ¶¶ 11-12, 14.

### A. Malicious Prosecution

Malicious prosecution is defined "as a suit for damages resulting from a prior criminal or civil legal proceeding that was instituted maliciously and without probable cause, and that terminated unsuccessfully for the plaintiff therein." Clyne v. Doyle, 740 A.2d 781, 782 (R.I. 1999)(quoting Hillside Assocs. v. Stravato, 642 A.2d 664, 667 (R.I. 1994)); see also Palazzo v. Alves, 944 A.2d 144, 152 (R.I. 2008)(quoting Clyne v. Doyle). Thus, in order to prevail on a claim of malicious prosecution, the party bringing the action must prove that the opposing party or parties: (1) initiated a prior criminal proceeding against him or her; (2) that there was no probable cause[5] to initiate the

---

R.I. Gen. Laws § 11-35-17(a) (2002 Reenactment).

[5] The Rhode Island Supreme Court has stated that: "probable cause exists when facts and circumstances would lead an ordinarily prudent and careful person to conclude that the accused is guilty. *** [I]t is sufficient that the facts known to the accuser provide reasonable grounds for a belief that criminal activity at the hands of the accused has occurred." Clyne v. Doyle, 740 A.2d 781, 783 (R.I. 1999)(quoting Solitro v. Moffatt, 523 A.2d 858, 862 (R.I. 1987))(alterations in original).

proceeding; (3) the proceeding was instituted maliciously;[6] and (4) the proceeding terminated in his or her favor. Rezendes v. Beaudette, 797 A.2d 474, 478-79 (R.I. 2002). "The party bringing an action for malicious prosecution must prove his or her claim by 'clear proof.'" Id. at 479 (quoting Clyne v. Doyle, 740 A.2d at 782).

Here, Plaintiff has not disputed the fact that he pled nolo contendere to the "charge under R.I. Gen. Law [§] 11-35-17 ...," Complaint ¶ 15; see also SUF, Ex. 4 (Case Disposition Report). Thus, he cannot prove the fourth element of a cause of action for malicious prosecution, that the proceeding terminated in his favor, see Rezendes v. Beaudette, 797 A.2d at 479. Accordingly, the Court need not address the first three factors.[7] Because Plaintiff

---

[6] "[M]alice may be established by showing that the person initiating the original action was primarily motivated by ill will or hostility or [regardless of such motivation] did not believe that he or she would succeed in that action." Clyne v. Doyle, 740 A.2d at 783 (alterations in original).

[7] The Court, however, notes the Rhode Island Supreme Court's observation in Hoffman v. Davenport-Metcalf, 851 A.2d 1083 (R.I. 2004), that:

> Any individual has the right, perhaps even the responsibility, to report to the police conduct that he or she in good faith believes to be illegal, particularly if he or she is the victim of such conduct. Rather than showing a nefarious or otherwise ulterior purpose, the record suggests that the police investigated the complaint in a responsible manner, spoke to the parties, reviewed the evidence[,] and made an independent decision to prosecute.

Id. at 1090; see also id. at 1091 (noting that plaintiffs had failed to set forth any specific facts upon which relief could be granted for malicious prosecution and stating that "plaintiffs have not shown that the criminal complaints were initiated either maliciously or without

9

cannot prove his cause of action for malicious prosecution, the Court finds that Defendants are entitled to summary judgment with regard to this claim. I so recommend.

**B. Abuse of Process**

Abuse of process "arises when a legal proceeding, although set in motion in proper form, becomes perverted to accomplish an ulterior or a wrongful purpose for which it was not designed." Clyne v. Doyle, 740 A.2d at 783 (quoting Hillside Assocs. v. Stravato, 642 A.2d at 667); see also Palazzo v. Alves, 944 A.2d at 154 (same); id. ("[T]he gist of an abuse-of-process claim is the misuse of legal process to obtain an advantage 'not properly involved in the proceeding itself ....'")(quoting Butera v. Boucher, 798 A.2d 340, 353 (R.I. 2002)). In order to prove abuse of process, a plaintiff must demonstrate that: (1) the defendant(s) instituted proceedings or process against him or her; and (2) the defendant(s) used the proceedings for an ulterior or wrongful purpose that the proceedings were not designed to accomplish. Palazzo v. Alves, 944 A.2d at 154 (quoting Butera v. Boucher, 798 A.2d at 353).

With regard to the first element, Defendants state that "the legal proceeding was the criminal prosecution." Defendants' Mem. at 5. Thus, they do not dispute that they initiated "proceedings or process," Palazzo v. Alves, 944 A.2d at 154, against Plaintiff.

---

probable cause.").

10

As for whether Defendants "used the proceedings for an ulterior or wrongful purpose that the proceedings were not designed to accomplish," id., Defendants state that "[t]he purpose of the charge and subsequent prosecution was to hold plaintiff responsible for his criminal acts," Defendants' Mem. at 5, and that "[t]his is precisely the outcome that occurred," id. Plaintiff alleges that

> he was subject to both abuse of process and malicious abuse of process by and in collusion with the chief of police Vincent Vespia and his [d]aughter Renee Vespia Caouette for the purpose of interferring [sic] in the long term cohabitation between Robin Vespia and the plaintiff causing plaintiff[] loss of property, loss of consortium and consortium Vitae[8] and physical and psychological suffering.

Complaint ¶ 16; see also id. ¶ 9 ("Plaintiff alleges that there existed col[l]usion between the police chief and his daughter Renee Vespia Caouette for the purpose of achieving an illegal and unconstitutional end.").

Plaintiff has provided no support for his allegations of collusion for an illegal and unconstitutional purpose. See Palazzo v. Alves, 944 A.2d at 154-55 ("Other than plaintiffs' unsupported and conclusory allegations in their amended complaint, nothing in the record even suggests that [the defendant] used the initial suit for an ulterior or a wrongful purpose.")(footnote omitted); see also Meuser v. Fed. Express Corp., 564 F.3d 507, 515 (1st Cir. 2009)

---

[8] Consortium Vitae is defined as: "Cohabitation; the agreement between two parties to live together." Black's Law Dictionary 328 (8th Ed. 2004).

11

(noting that "summary judgment may be appropriate if the nonmoving party rests merely upon conclusory allegations, improbable inferences, and unsupported speculation")(quoting Medina-Munoz v. R.J. Reynolds Tobacco Co., 896 F.2d 5, 8 (1st Cir. 1990)); Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d at 52-53 (noting that in opposing summary judgment non-moving party "may not rest merely upon the allegations or denials in its pleading"). More is needed. See ATC Realty, LLC v. Town of Kingston, 303 F.3d at 94 (noting that "nonmoving party must establish a trial-worthy issue by presenting enough competent evidence to enable a finding favorable to the nonmoving party" in order to "defeat properly supported motion for summary judgment"); Jones v. Johnson & Wales Univ., C.A. No. 08-476ML, 2010 WL 3703516, at *3 (D.R.I. Aug. 20, 2010)(same); see also Acosta v. Ames Dep't Stores, Inc., 386 F.3d 5, 8 (1st Cir. 2004)(explaining that nonmoving party can thwart motion for summary judgment only by showing through materials of evidentiary quality that a genuine dispute exists about some material fact and the evidence "must have substance in the sense that it limns differing versions of the truth which a factfinder must resolve at an ensuing trial"). Further, as noted previously, see Facts section I supra at 2 n.1, Plaintiff has not disputed Defendants' SUF, in which Defendants state that "an arrest warrant was obtained for Plaintiff, charging him with making harassing phone calls to Ms. Caouette," SUF ¶ 7; that Plaintiff "was arrested

12

pursuant to the arrest warrant," id. ¶ 8; and that Plaintiff "entered a plea of nolo contendere to the charge of making harassing phone calls to Ms. Caouette," id. ¶ 9.

Plaintiff, therefore, has not "set forth specific facts showing that there is a genuine issue of material fact as to each issue upon which he ... would bear the ultimate burden of proof at trial," Santiago-Ramos v. Centennial P.R. Wireless Corp., 217 F.3d at 53, specifically that Defendants "used these proceedings for an ulterior or wrongful purpose that the proceedings were not designed to accomplish," Palazzo v. Alves, 944 A.2d at 154, nor has he controverted the statements in Defendants' SUF, see Lewry v. Town of Standish, 984 F.2d 25, 27 (1st Cir. 1993)(noting that "[f]or summary judgment purposes, any fact not properly controverted is admitted"). Thus, Defendants are entitled to summary judgment as to Plaintiff's abuse of process claim. I so recommend.

### C. The Trust

The only allegations in Plaintiff's Complaint pertaining to the Trust are that it "is a corporation organized and existing under the laws of the state of Rhode Island, with its principal place of business at 501 Wampanoag Trail, Suite 301[,] East Providence[,] R.I. 02915." Complaint ¶ 4. There are no allegations that the Trust participated in any way in the events relating to Plaintiff's malicious prosecution or abuse of process claims. Thus, as Defendants note, "there is no basis to include it in this

case." Defendants' Mem. at 7. Accordingly, summary judgment should enter in the Trust's favor. I so recommend.

**IV. Summary**

Plaintiff has not provided anything beyond bare allegations to support his claims of malicious prosecution or abuse of process, nor has he controverted the statements in Defendants' SUF pertaining thereto. Moreover, Plaintiff has provided no allegations, save identifying information, relating to the Trust. Accordingly, I recommend that summary judgment be entered in favor of all Defendants.

**V. Conclusion**

For the reasons stated above, I recommend that the Motion for Summary Judgment be granted. Any objections to this Report and Recommendation must be specific and must be filed with the Clerk of Court within fourteen (14) days of its receipt. See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d). Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and of the right to appeal the district court's decision. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986); Park Motor Mart, Inc. v. Ford Motor Co., 616 F.2d 603, 605 (1st Cir. 1980).

*/s/ David L. Martin*
DAVID L. MARTIN
United States Magistrate Judge
April 14, 2011